J-A09023-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| DARRYL M. KOCH AND KIM T. NOLL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW T. COSCIA AND | : | No. 1220 WDA 2017 |
| KATHLEEN M. COSCIA | | |

Appeal from the Order Entered August 18, 2017
in the Court of Common Pleas of McKean County Civil Division at No(s):
557-CD-2014

BEFORE:  BOWES, J., DUBOW, J., and MURRAY, J.

DISSENTING MEMORANDUM BY BOWES, J.:    **FILED NOVEMBER 21, 2018**

As I believe the Majority's construction of the 1976 Stipulation is contrary to the well-established rule that contracts should be interpreted to effectuate all clauses, I respectfully dissent.

The conditions of the stipulation between Appellees and Appellant's predecessor, Mr. Graziano, are as follows in their entirety.

> 1.    That August B. **Graziano, his heirs, successors and assigns** in common with all others having the like right have full and free right and liberty at all times hereafter to pass and repass along a presently existing right-of-way across Richard J. Coscia and Marjorie E. Coscia's lands leading from Newell Creek Road to lands presently owned by Paul Appleby; said right-of-way having been reserved by Paul G. Appleby et ux in deed dated July 12, 1975 and recorded in McKean County Deed Book Vol. 493 at page 657.

> 2.    August B. **Graziano agrees for himself, his heirs, successors and assigns** that he will not use the presently existing right-of-way for any commercial development such as but not limited to gas or oil exploration or removal, gravel removal,

logging, or coal trucking but will use a right-of-way to be granted exclusively for that purpose by Richard J. Coscia and Marjorie E. Coscia.

3. Richard J. Coscia and Marjorie E. Coscia agree for themselves, their heirs, successors and assigns to designate a roadway around the western perimeter of their farm field for use of August B. **Graziano, his heirs, successors or assigns** for such heavy duty commercial truck use that would be readily accessible to August B. **Graziano, his heirs, successors and assigns** and with a minimum of damage to grantors at the time that August B. **Graziano, his heirs, successors or assigns** should so desire to conduct such commercial trucking from the Graziano property. The roadway so designed for commercial truck use shall be used for both ingress from Newell Creek Road to lands presently owned by August B. Graziano as well as regress from the Graziano lands to Newell Creek Road for said commercial trucking operations. Said roadway shall be twelve (12) feet wide.

4. August B. Graziano agrees **for himself, his heirs, successors and assigns** that both of the aforementioned rights of way shall be used **exclusively for ingress and regress to the premises** conveyed to August B. Graziano et ux by deed dated November 10, 1960 and recorded in McKean County Deed Book Vol. 395 at page 725 from Newell Creek Road and that said rights of way **will not be assigned, transferred, or conveyed to any other person**.

5. August B. Graziano agrees **for himself, his heirs, successors and assigns** that he will fully and completely compensate Richard J. Coscia and Marjorie E. Coscia, their heirs, successors and assigns for all unreasonable damage caused to their farm field by the commercial trucking operation. Said unreasonable damages shall include, but not be limited to, any intentional, reckless, malicious, or negligent damage not necessary for the free and unobstructed use of the right of way hereinbefore granted for commercial trucking purposes.

6. August B. Graziano agrees **for himself, his heirs, successors and assigns** that no repairs or alterations shall be done to raid rights of way without the permission of the grantors herein, their heirs, successors, or assigns.

1976 Stipulation (emphases added).

The Majority concludes that the last-highlighted portion of Paragraph 4 constitutes "clear and unambiguous language" that means "Mr. Graziano relinquished his right to assign, transfer, or convey his right to use the Valley Drive Right of Way to any other person." Majority Memorandum at 11. The Majority reasons that this last clause is specific to the issue of whether Mr. Graziano had the right to convey his right to use the right of way, and therefore negates all of the other references to Mr. Graziano's heirs, successors, and assigns. *Id*.

The Majority's interpretation is contrary to well-settled principles of contract construction. "It is axiomatic that contractual clauses must be construed, whenever possible, in a manner that effectuates all of the clauses being considered." **Welteroth v. Harvey**, 912 A.2d 863, 866 (Pa.Super. 2006). "A court may not disregard a provision in a contract if a reasonable meaning may be ascertained therefrom . . . each and every part of it must be taken into consideration and given effect, if possible, and the intention of the parties must be ascertained from the entire instrument." **Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkt., Inc.**, 98 A.3d 645, 654 (Pa.Super. 2014) (*en banc*) (internal quotation marks and citation omitted).

Of specific import to the present case, the rules of construction provide that a court should not interpret one part of a contract to annul another part. **W. Dev. Grp., Ltd. v. Horizon Fin., F.A.**, 592 A.2d 72, 75 (Pa.Super. 1991).

- 3 -

Rather, "Clauses of a contract . . . which seem to conflict will be construed, if possible, as consistent with one another." *In re Binenstock's Trust*, 190 A.2d 288, 293 (Pa. 1963).

The clear and unambiguous language of the 1976 Stipulation indicates that Mr. Graziano's rights and responsibilities regarding the Valley Drive right of way applied not only to him, but to "**his heirs, successors, and assigns**." 1976 Stipulation at ¶¶ 2, 3, 4, 5, and 6 (emphasis added). There is no question that the Majority's interpretation annuls these clauses rather than attempts to construe them in harmony with the final portion of Paragraph 4. The repeated references to Mr. Graziano's "heirs, successors, and assigns" are utterly negated by the Majority's construction.

I find it unreasonable to conclude that the parties intended for Mr. Graziano to have no right to pass his interest on to any person under any circumstances in light of the numerous indications that the agreement applied to Mr. "Graziano, his heirs, successors or assigns." If the parties' intent was to limit the agreement to Mr. Graziano alone, and none of his successors-in-interest, there was simply no reason to include "his heirs, successors or assigns" in the agreement anywhere.

I believe that proper application of the rules of construction to the 1976 Stipulation, giving effect to the plain meaning of all clauses in the context of the agreement as a whole, requires the following interpretation: the heirs, successors, and assigns to Mr. Graziano's interest in the property have the

right to utilize the right of way for ingress and egress to that property, but Graziano had no ability to convey rights to utilize the Valley Drive Right of Way to any person other than his successor-in-interest to the property.

This interpretation effectuates the plain meaning of the language of all portions of the agreement, as well as the stated intent that Mr. Graziano and his successors would have the right to use the right of way to access their property, but that Mr. Graziano lacked the ability to grant use of the right of way to third parties who did not succeed to his interest in the land. To rule otherwise is to hold that the parties' intended their repeated reference to Mr. Graziano's heirs, successors, and assigns to be utterly meaningless.

Therefore, I respectfully dissent.